## FREEDMAN v. PUTNAM.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

LANDLORD AND TENANT ⊙═➤231(6)—RENT—ACTIONS.

 Evidence in an action for rent of premises *held* to require judgment for plaintiff.

 [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 933, 934; Dec. Dig. ⊙═➤231(6).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Fanny Freedman against Frederick H. Putnam. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and judgment granted for plaintiff.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Abraham Crosney, of New York City, for appellant.

Parker, Davis & Wagner, of New York City (Roy M. Robinson, of New York City, of counsel), for respondent.

COHALAN, J. This action was brought to recover $40 as rent for the month of September, 1915, for an apartment in the apartment house No. 11 West 104th street, borough of Manhattan. The defendant had been a tenant in the house for more than nine years, and had been paying rent to the West 134th Street Realty Company. The answer of the defendant was a general denial, and a counterclaim for $100, which was changed upon the trial to a set-off.

In May, 1915, in a foreclosure action, a receiver was appointed, but he did not take possession of the premises until the 13th day of September, 1915. After the appointment of the receiver an arrangement was made between the plaintiff and the receiver, whereby the latter accepted $600 per month for the rental of the entire premises. The defendant refused to pay rent during September, but in October commenced the payment of rent to the receiver, and holds a receipt for the same. The defendant now contends that because of this receipt, and because of the fact that he did not know that the plaintiff had any interest in the premises, he is not liable for the September rent.

The plaintiff sufficiently established her rights under a lease in the

property, and, there being no dispute as to the rent becoming due on the 1st day of September, 1915, and the occupancy for that month, the plaintiff was entitled to a recovery, unless the allegations pleaded under the counterclaim were sustained. The court, however, dismissed the complaint without damages and upon the merits.

The judgment is reversed with $30 costs, and judgment granted for the plaintiff in the sum of $40, with proper costs in the court below.

GUY and WHITAKER, JJ., concurring in the result.